IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| CARL LEONARD LIVELY | § | |
| v. | § | CIVIL ACTION NO. 6:11cv224 |
| DIRECTOR, TDCJ-CID | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Petitioner Carl Lively, proceeding *pro se*, filed this application for the writ of habeas corpus under 28 U.S.C. §2254 complaining of the legality of his conviction. This Court ordered that the matter be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Lively was convicted of the offense of aggravated robbery, receiving a sentence of 40 years in prison and a $10,000.00 fine. He took a direct appeal, but the Court of Appeals affirmed his conviction. Matthews did not seek discretionary review from this decision, but has unsuccessfully sought state habeas corpus relief.

In his federal petition, Lively raised one ground of error. He contended that Henderson County transports jail inmates to court wearing leg irons, belly chains, and handcuffs. He says that the inmates are “parked on the town square” and then marched onto the courthouse grounds, up the steps, and then through the hallways before the restraints are removed, in full view of venire members, jurors, and members of the public. This is done before court, during lunch breaks, and during court recesses at the end of the day. As a result, Lively claimed, his presumption of innocence was prejudiced.

The Respondent has been ordered to answer the petition and has done so. This answer argued that Lively pointed to nothing in the record supporting his contentions and that Lively made no showing of prejudice. Lively did not file a response to the answer.

After review of the pleadings and the state court records, the Magistrate Judge issued a Report recommending that the petition be dismissed. The Magistrate Judge noted that nothing in the record supported Lively's assertion that he was seen wearing shackles by jurors or potential jurors, and that Lively's bald and conclusory assertion to this effect lacked probative evidentiary value. Furthermore, the Magistrate Judge stated that even if the jurors or potential jurors had a brief or incidental viewing of Lively in shackles, he raised no objection at trial, nor did he show that he suffered any harm as a result. Thus, the Magistrate Judge concluded that Lively failed to show that he was entitled to habeas corpus relief.

Lively filed objections to the Magistrate Judge's Report on October 17, 2011. In his objections, Lively says that the Fifth Circuit and the Supreme Court have made a number of rulings concerning "inherently prejudicial shackling." He cites United States v. Banegas, 600 F.3d 342 (5th Cir. 2010), U.S. v. Ellender, 947 F.2d 748 (5th Cir. 1991), and Deck v. Missouri, 544 U.S. 682 (2007). Lively argues that the government was at fault for the procedure used and that it "almost inevitably affects adversely the jury's perception of the defendant," noting that "through control of a defendant's appearance, the State can exert a powerful influence on the outcome of the trial."

Lively does not respond to the Magistrate Judge's conclusion that the record does not substantiate his assertion that he was seen in shackles, and so his contention in this regard lacks probative evidentiary value. Lively's habeas corpus petition lacks merit for this reason alone. In addition, Lively's objections are themselves without merit.

In Banegas, the defendant was shackled during trial. The trial court explained that in that court, all incarcerated *pro se* defendants were shackled as a matter of course. The Fifth Circuit determined that this explanation was inadequate. In the present case, by contrast, Lively does not assert that he was shackled during trial, but says that jurors or potential jurors may have caught a

glimpse of him in the hallway. The Fifth Circuit has explained that a defendant is not necessarily prejudiced by a brief or incidental viewing by the jury of that defendant in handcuffs, but that to receive some form of relief, a showing of actual harm is necessary. Wright v. State of Texas, 533 F.2d 185, 187 (5th Cir. 1976). Shackling during trial is far different than a brief or incidental glimpse in the hallway, and so Banegas is distinguishable.

In Ellender, a number of defendants involved in a drug conspiracy were tried together. The trial court ordered that several of the defendants, including Ellender himself, be tried in shackles. The record showed that the U.S. Marshal recommended shackling these defendants and that a number of precautions were taken to keep the jury from being aware of the restraints. Ellender did not contend that the jurors actually saw the restraints, but said that because these defendants did not move around, the jury "must have known" that the defendants were in shackles. The Fifth Circuit held that the decision to shackle the defendants was within the discretion of the district court and that the court did not abuse its discretion to do so in this case. As in Banegas, the shackling in Ellender was done at trial and was not simply or brief or incidental viewing.

Furthermore, as the Magistrate Judge noted, the Supreme Court held in Deck that the use of visible shackles during the guilt phase of the trial was prohibited unless the State showed the existence of a special need. In this case, however, Lively does not allege that he was shackled at any point during the trial, nor does he point to any evidence in the record showing that any jurors ever saw him in shackles. The holding in Deck is not applicable to brief, incidental viewings of a shackled defendant in the hallway.

Finally, the Magistrate Judge observed that Lively offered no objection during trial to the shackling procedure or to any alleged viewing of him in shackles by the jurors or potential jurors. In Estelle v. Williams, 425 U.S. 501 (1976), the Supreme Court stated that the failure by counsel to object to a defendant's attire was "sufficient to negate the presence of compulsion necessary to establish a constitutional violation." Similarly, Lively failed to object, and so no constitutional claim was preserved. His objections are without merit.

The Court has conducted a careful *de novo* review of the pleadings in this cause, including the Petitioner's application for habeas corpus relief, the answer filed by the Respondent, the state court records, and all other pleadings and documents in the case. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the Petitioner's objections are without merit. It is accordingly

ORDERED that the Petitioner's objections are OVERRULED and the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court. It is further

ORDERED that the above-styled application for the writ of habeas corpus be and hereby is DISMISSED with prejudice. It is further

ORDERED that the Petitioner Carl Lively is hereby DENIED a certificate of appealability *sua sponte*. Finally, it is

ORDERED that any and all motions which may be pending in this civil action are hereby DENIED.

**SIGNED this 27th day of October, 2011.**

MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE